**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL CASE NO. 3:15-cv-00368**

| | | |
|---|---|---|
| **KEITH ADAMS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **MEMORANDUM OF** |
| **CAROLYN COLVIN, Acting Commissioner of Social Security,** | ) | **DECISION AND ORDER** |
| | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Summary Judgment [Doc. 9], and the Defendant's Motion for Summary Judgment [Doc. 11].

## I. PROCEDURAL BACKGROUND

On June 17, 2011, the Plaintiff, Keith Adams, filed an application for disability insurance benefits, alleging an onset date of September 15, 2009. [Transcript "T." 201]. The Plaintiff's application was denied initially and on reconsideration. [T. 115, 126]. Upon Plaintiff's request, a hearing was held on December 16, 2013, before Administrative Law Judge ("ALJ") Wendell Sims. [T. 12]. Present at the hearing were the Plaintiff; Plaintiff's attorney, Thomas Kakassy; and Brenda Cartwright, a vocational expert ("VE"). [Id.].

On March 21, 2014, the ALJ issued a decision, wherein the ALJ concluded that the Plaintiff was not disabled. [T. 12-20]. On June 22, 2015, the Appeals Council denied the Plaintiff's request for review [T. 1-3], thereby making the ALJ's decision the final decision of the commissioner. The Plaintiff has exhausted all available administrative remedies, and this case is now ripe for review pursuant to 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

The Court's review of a final decision of the Commissioner is limited to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 401 (1971), and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). "When examining [a Social Security Administration] disability determination, a reviewing court is required to uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." Bird v. Comm'r, 699 F.3d 337, 340 (4th Cir. 2012). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (internal quotation marks omitted). "It consists of more than a mere scintilla

of evidence but may be less than a preponderance." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation marks omitted).

"In reviewing for substantial evidence, [the Court should] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." Johnson, 434 F.3d at 653 (internal quotation marks and alteration omitted). Rather, "[w]here conflicting evidence allows reasonable minds to differ," the Court defers to the ALJ's decision. Id. (internal quotation marks omitted). To enable judicial review for substantial evidence, "[t]he record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013).

## III. THE SEQUENTIAL EVALUATION PROCESS

A "disability" entitling a claimant to benefits under the Social Security Act, as relevant here, is "[the] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (2012). The claimant "bears the burden of proving that he is disabled within the meaning of the Social Security Act." English v.

Shalala, 10 F.3d 1080, 1082 (4th Cir. 1993). In determining whether or not a claimant is disabled, the ALJ follows a five-step sequential process. 20 C.F.R. §§ 404.1520, 416.920. If the claimant's case fails at any step, the ALJ does not go any further and benefits are denied. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

At the first step, the ALJ determines whether the claimant is engaged in substantial gainful activity. If so, the claimant's application is denied regardless of the medical condition, age, education, or work experience of the claimant. 20 C.F.R. §§ 404.1520; 416.920. If not, the case progresses to the second step where the claimant must show a severe impairment. If the claimant does not show any physical or mental deficiencies or a combination thereof which significantly limit the claimant's ability to perform work activities, then no severe impairment is established and the claimant is not disabled. Id. Third, if a severe impairment is shown that meets or equals one of the listed impairments ("Listings") found at 20 C.F.R. 404, Appendix 1 to Subpart P, the claimant is automatically deemed disabled regardless of age, education or work experience. Id. Fourth, if the severe impairment does not meet any of the Listings, then the ALJ determines the claimant's residual functional capacity ("RFC") and reviews the physical and mental demands of work done in the past. If the claimant can still perform his/her

prior work despite the severe impairment, then a finding of not disabled is mandated. Id. If the claimant has a severe impairment but cannot perform past relevant work, then the case progresses to the fifth step where the burden shifts to the Commissioner. At step five, the Commissioner must establish that, given the claimant's age, education, work experience, and RFC, the claimant can perform alternative work that exists in substantial numbers in the national economy. Id.; Hines v. Barnhart, 453 F.3d 559, 567 (4th Cir. 2006) (noting Commissioner bears evidentiary burden at step five). The Commissioner may meet this burden by relying on the Medical–Vocational Guidelines ("Grids") found at 20 C.F.R. 404, Appendix 2 to Subpart P, if applicable, or by calling a VE to testify. 20 C.F.R. §§ 404.1566; 416.966; 416.969. If the Commissioner succeeds in shouldering her burden at step five, the claimant is not disabled.

## IV. THE ALJ'S DECISION

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since his alleged onset date, September 15, 2009. [T. 14]. At step two, the ALJ found that the Plaintiff has severe medically determinable impairments including: multi-level disc and facet disease of the cervical spine, degenerative disc disease of the lumbar spine, and chronic right shoulder pain. [Id.]. At step three, the ALJ found that Plaintiff does not have

an impairment or combination of impairments that meets or medically equals the Listings. [T. 15-16]. The ALJ then determined that Plaintiff, notwithstanding his impairments, has the Residual Function Capacity (RFC) to "perform medium work as defined in 20 C.F.R. 404.1567(c),[1] except he can only occasionally climb ladders; occasional[ly] stoop; and frequently, but not constantly, reach overhead with the right upper extremity." [T. 16]. At step four, the ALJ found that Plaintiff can no longer perform his past relevant work as a machine operator and doffer. [T. 18]. At step five, the ALJ determined that, in light of the Plaintiff's RFC, age, education and work experience, and based on the testimony of the VE, jobs exist in significant numbers in the national economy that the Plaintiff can perform. Accordingly, the ALJ concluded that Plaintiff is not disabled under the Act. [T. 20].

## V. DISCUSSION[2]

In the instant matter, the Plaintiff challenges the ALJ's decision on three grounds. The Plaintiff asserts that the ALJ: A) incorrectly assessed the Plaintiff's subjective complaints of pain; B) improperly weighed the opinion

---

1 "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work." 20 C.F.R. 404.1567(c).

2 Rather than set forth a separate summary of the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

of Dr. Whitaker, a consultative examiner; and C) failed to adhere to the requirements of Social Security Rulings (SSRs) 83-14 and 85-15.

**A. Assessing the Plaintiff's Pain**

The Regulations mandate a two-step process for evaluating a claimant's allegations of symptom-related limitations. First, the ALJ must determine whether the claimant has a medically determinable impairment that could reasonably be expected to produce the symptoms alleged. 20 C.F.R. § 404.1529(b). Second, upon finding a medically determinable impairment, the ALJ must proceed to evaluate the intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to which they limit the claimant's capacity for work. 20 C.F.R. § 404.1529(c).

In this latter determination, when a claimant's statements about the intensity, persistence, or functionally limiting effects of his or her symptoms, such as pain, are not substantiated by objective medical evidence, the ALJ must consider the entire case record. Id. Factors relevant in evaluating the impact of a claimant's pain on the claimant's capacity for work include: a claimant's daily activities; the location, duration, frequency, and intensity of the symptoms; precipitating and aggravating factors; the type, dosage, effectiveness and side effects of any medication taken for the symptoms; treatment sought or received for relief of the symptoms; and any measures

a claimant uses or has used to relieve the symptoms. 20 C.F.R. § 404.1529(c)(3).

In the instant case, the ALJ properly adhered to the two-step process. First, the ALJ determined that the Plaintiff has medically determinable impairments which could reasonably be expected to produce the Plaintiff's alleged symptoms of pain. Those impairments include: multi-level disc and facet disease of the cervical spine, degenerative disc disease of the lumbar spine, and chronic right shoulder pain.

Second, because pain is not readily susceptible to objective proof, Hines v. Barnhart, 453 F.3d 559 at 564-65 (4th Cir. 2013), the ALJ properly considered the entire record to evaluate the intensity, persistence, and limiting effects of the Plaintiff's pain. The ALJ first noted the Plaintiff's testimony regarding the limitations resulting from his pain. The Plaintiff testified that he could lift no more than five to ten pounds, sit for twenty to thirty minutes, stand for one hour, and walk for one-half of a mile. [T. 16].

The ALJ then compared the Plaintiff's testimony to the rest of the record. Specifically, the ALJ noted findings by Dr. Whitaker that the Plaintiff was in no acute distress, was alert and oriented, sat comfortably during the exam, and performed several tests bilaterally without difficulty. [T. 16-17]. The ALJ also noted observations by the Highland Health Center that the

Plaintiff ambulated well and alternated between sitting and standing without difficulty. [T. 17]. There, the Plaintiff was further observed as having normal posture, no acute distress, normal musculoskeletal movement, and reported to not taking any medications. [Id.].

Next, the ALJ noted that although Plaintiff testified that he could not read the newspaper, the Plaintiff also testified that he could read road signs, and that he had completed the ninth grade and had not taken any any special education classes. [Id.]. Moreover, despite the Plaintiff's claimed limitations for sitting and standing, the ALJ aptly noted that the Plaintiff drives his wife to work and goes grocery shopping. [Id.].

Finally, the ALJ considered Dr. Whitaker's[3] findings and opinion that the Plaintiff could be expected to sit, stand, and walk for six hours per workday with breaks, that he can lift and occasionally carry thirty to forty pounds, and that the Plaintiff requires postural limitations on bending, stooping, and crouching. [Id. at 18]. Based upon all of the foregoing, the ALJ concluded that the Plaintiff had the RFC for medium work, except that

[3] In his decision, the ALJ references the findings and opinions of "Dr. Walker" [T. 18 (citing Exhibit 1F, T. 281)], but the records referenced appear to be those of "Dr. Whitaker." [See e.g., T. 281]. Additionally, both parties discuss the ALJ's treatment of the opinion of Dr. Whitaker, not Dr. Walker. [Doc. 10 at 8; Doc. 12 at 8]. Thus, this Court will construe the ALJ's references to "Dr. Walker" as a typographical error that should read, "Dr. Whitaker."

he can only occasionally climb ladders and stoop, and frequently, but not constantly, reach overhead with the right upper extremity.

The Plaintiff argues that the ALJ erroneously relied upon the Plaintiff's daily activities (*e.g.*, grocery shopping and driving his wife to work) as evidence that the Plaintiff could perform comparable activities in the workplace. [Doc. 10 at 5]. According to the Plaintiff, the ALJ erroneously reasoned that the Plaintiff's ability to do household chores necessarily means he is also able to do work activities. [Id.]. The Plaintiff misinterprets the ALJ's reasoning.

Here, the ALJ noted the Plaintiff's ability to go grocery shopping and perform daily functions as part of his analysis of the Plaintiff's credibility. Particularly illuminating was the ALJ's juxtaposition of the Plaintiff's claim that he could not sit for more than thirty minutes, alongside the Plaintiff's testimony that he drove his wife to work and sat in the car while she shopped for groceries. This finding was relevant, not because it showed that the Plaintiff could, in fact, perform a comparable work activity, but because it cast doubt on the Plaintiff's claim that he cannot sit for more than thirty minutes. As further evidence of the Plaintiff's credibility, the ALJ pointed out that the Plaintiff testified that he could not read the newspaper, but admitted to finishing the ninth grade and being able to read road signs. Thus, the ALJ

did not erroneously reason that an ability to do household chores necessarily proves a capacity to do work; the ALJ correctly explained why he found the Plaintiff's statements not entirely credible.

Citing Hines, the Plaintiff also argues that he was entitled to rely exclusively upon his subjective complaints of pain to prove that his limitations are disabling. [Doc. 10 at 7-8]. The Plaintiff, however, overstates the holding in Hines. The Hines Court held that subjective evidence of pain *may* independently support a finding of disability, but further acknowledged that a claimant's allegations "need not be accepted to the extent they are inconsistent with the available evidence . . . ." Id. at 565 n.3. Notably, the Hines Court articulated the same standard that the ALJ applied in the instant matter. Where, as here, pain is not readily susceptible to objective proof, "the adjudicator must consider all of the evidence in the case record, including any statements by the individual . . . ." Id. at 565.

Accordingly, because the ALJ applied the correct legal standard, and substantial evidence supports his decision, the ALJ did not err in his assessment of the Plaintiff's pain. See Richardson, 402 U.S. at 401; Hays, 907 F.2d at 1456.

### B. Weighing Dr. Whitaker's Opinion

Next, the Plaintiff argues that the ALJ should have given more than just "some weight" to Dr. Whitaker's opinion that the Plaintiff can occasionally lift and carry thirty to forty pounds (ten pounds less than the maximum indicated in the Plaintiff's RFC) due to "objective findings of low back pain and right shoulder pain." [T. 285]. The Plaintiff does not articulate what weight he contends Dr. Whitaker's opinion should have been given, only that it was entitled to more than "some weight." The Plaintiff also fails to cite any legal authority to substantiate his position that the ALJ's analysis of the opinion was erroneous. In short, it appears that the Plaintiff simply disagrees with the ALJ's conclusion, and asks this Court to reweigh the evidence in order to overturn it, which is not within this Court's scope of review. See Johnson, 434 F.3d at 653.

This Court's review is limited to determining whether the ALJ applied the correct legal standards, and whether there is substantial evidence to support the ALJ's decision. Richardson, 402 U.S. at 401; Hays, 907 F.2d at 1456. The regulations mandate that ALJs weigh each medical opinion and state the weight attributed to each opinion. 20 C.F.R. §§ 404.1527, 416.927; SSR 96-6p. This is precisely what the ALJ did herein. [T. 18 ("The undersigned has given some weight to Dr. [Whitaker's] opinion . . . ")].

Further, there is substantial evidence in the record to support the ALJ's evaluation of Dr. Whitaker's opinion. In assessing the weight of non-controlling opinions, ALJs may consider factors including: the length of the treatment relationship and frequency of examination, the nature and extent of treatment, the absence or presence of evidence to support of the opinion, consistency with other findings, and the source's degree of specialization. 20 C.F.R. §§ 404.1527, 416.927; SSR 96-6p. Here, in declining to adopt Dr. Whitaker's opinion regarding lifting limitations, the ALJ cited Dr. Whitaker's unremarkable physical findings and the ALJ's own earlier findings of conflicting objective medical evidence. Such conflicting medical evidence included the observations of the Plaintiff ambulating well, and alternating from sitting to standing without difficulty. For these reasons there was no error in the ALJ's evaluation of Dr. Whitaker's opinion, and therefore this assignment of error is overruled.

**C. Adherence to SSR Requirements**

In his third challenge to the ALJ's decision, citing SSR 83-14 and SSR 83-15, the Plaintiff asserts that the ALJ reached a conclusion that is flawed on its face. Specifically, the Plaintiff argues that it was incongruous for the ALJ to find that the Plaintiff is capable of medium work, which requires

*frequent* stooping, while simultaneously limiting the Plaintiff to only *occasional* stooping.

This argument, however, is inconsistent with the plain language of the regulations.[4] Specifically, the Medical-Vocational Rules provide that at step five, adjudicators should first determine whether a claimant's three vocational factors (age, education, and work experience) combined with the claimant's RFC "coincide with *all* of the criteria" of a particular rule. 20 C.F.R., Pt. 404, Subpart P, App. 2, (the "Grid") § 200.00(a) (emphasis added), see SSR 83-14, 1983 WL 31254. When all of the criteria of a particular rule are satisfied, the rule directs a conclusion as to whether the claimant is disabled. Id. Where, however, any one of the findings does not coincide with all of the criteria of a rule, no conclusion is directed and the ALJ must give full consideration to all of the relevant facts. Id.

In the instant case, the ALJ found that, if the Plaintiff had the RFC to perform the full range of medium work, the Grid would direct a finding of "not disabled." [T. 19 (citing Grid § 203.19, 203.12)]. The ALJ further noted, however, that because the Plaintiff cannot perform the full range of medium

---

[4] SSR 83-15, 1985 WL 56857, applies only when evaluating solely non-exertional limitations. Examples of non-exertional activities include maintaining body equilibrium, using the fingers and fingertips to work with small objects, and using the eyes and ears to see and hear. SSR 83-14, 1983 WL 31254. Because the Plaintiff in this case does not solely have non-exertional limitations, SSR 83-15 is inapplicable.

work, not all of the Grid criteria are met, and the Grid cannot direct a conclusion of disability. Therefore, the ALJ properly consulted the VE to determine whether jobs exist in the national economy for an individual with the Plaintiff's age, education, work experience, and RFC as modified. [T. 19]. In response, the VE testified that jobs requiring only occasional stooping were available in significant numbers, including cook helper, patient transporter, and caddy. [T. 19, 55]. Based thereon, the ALJ properly concluded that the Plaintiff is not disabled. [T. 20].

For all of the foregoing reasons, the ALJ's decision must be affirmed.

**O R D E R**

**IT IS, THEREFORE, ORDERED** that Defendant's Motion for Summary Judgment [Doc. 11] is **GRANTED**, the Plaintiff's Motion for Summary Judgment [Doc. 9] is **DENIED**, and the decision of the Commissioner is **AFFIRMED**. This action is hereby **DISMISSED**.

**IT IS SO ORDERED.**

Signed: August 25, 2016

Martin Reidinger
United States District Judge